Filed 12/16/20  In re Manuel B. CA1/4

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION FOUR

| | |
|---|---|
| In re Manuel B., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br>    Plaintiff and Respondent,<br>v.<br>MANUEL B.,<br>    Defendant and Appellant. | A160137<br><br>(Contra Costa County<br>Super. Ct. No. J2000125) |

Manuel B. (Minor) appeals jurisdictional and dispositional orders finding he committed assault and declaring him a ward of the court.  His counsel has filed an opening brief raising no issues and asking this court for an independent review of the record.  (*People v. Wende* (1979) 25 Cal.3d 436.) Minor has been advised of his right to personally file a supplemental brief, but he has not done so.

The District Attorney filed a juvenile wardship petition (Welf. & Inst. Code, § 602, subd. (a)) on February 7, 2020, alleging Minor violated Vehicle Code section 10851, subdivision (a), unlawfully driving or taking a vehicle. (Count 1.)  An amended petition filed on February 20, 2020, further alleged that on a separate occasion Minor committed assault by means of force likely

1

to produce great bodily injury (Pen. Code., § 245, subd. (a)(4); count 2) and attempted second degree robbery (*id.*, §§ 211, 212.5, subd. (c), & 664; count 3). The Vehicle Code section 10851 allegation, as well as a later-added allegation that Minor bought or received a stolen vehicle (Pen. Code, § 496d; count 4), were dismissed on March 11, 2020.

C.M. testified that he and the victim, his friend K.M., were walking after school on October 3, 2019.  They encountered about three other people, and K.M. greeted them.  C.M. recognized them as having gone to middle school with him, but he did not know their names.  They threw rocks at C.M. and K.M.  C.M. continued walking; when he turned around, he saw them hitting K.M.  C.M. identified the main aggressor as "the skinny one."

Police officers spoke with C.M. at school on February 11 and 12, 2020. C.M. spoke with them through a translator, a community worker at the school who spoke both Spanish and English, whose duties included translating for anyone at the school who needed it, and whom the school resource officer had used as an interpreter "[m]aybe 50" or "maybe 100 times" in the three years she had been assigned to the school.  Minor moved to strike the statements C.M. made through the interpreter on the ground there was no showing of the interpreter's impartiality and skill level.  The juvenile court denied Minor's motion, finding the evidence "amply" supported a conclusion the translations were unbiased and accurate so as to allow the statements fairly to be attributed to C.M.  (See *Correa v. Superior Court* (2002) 27 Cal.4th 444, 457, 463.)

When C.M. left school on February 12 after speaking to the school resource officer, three people were outside, and one of them called him a "chicken."  He waited for them to leave, then went back inside and spoke to the school resource officer again.  C.M. thought the person was the same as

2

the "skinny one" who was the main aggressor in the attack. He recognized them as people who used to bully him in middle school, and he told a police officer they were the same three people that attacked K.M. He identified Minor to the officer as the main aggressor in the attack, and in court, he testified that he believed Minor was the aggressor.[1]

The court noted toward the end of C.M.'s testimony, "This witness is scared. He doesn't want to have to identify someone he probably goes to school with. That's clear."

K.M. testified that on the day of the attack, he and C.M. encountered a group of three people. They exchanged greetings, then the three threw rocks and something like a bottle at them. One of them hit K.M. on the back of his head, then another one hit him and threw him forward. They all started hitting and kicking him on his head, hands, and stomach, as he curled up to protect his face. One tried unsuccessfully to take K.M.'s phone out of his hand, and one took K.M.'s shoe off and threw it to the side. They then ran away. The attack lasted approximately 40 seconds. K.M. said he did not see the attackers and could not identify anyone in court as a perpetrator.

After the attack, K.M. received medical attention for his injuries. His hand was wrapped up and his arm was put in a sling or a splint. Afterward, his arm hurt for four or five days. He had bumps or lumps on his head.

An officer who was flagged down by a witness after the attack testified that K.M. was "shaking and shivering," looking as if he was "not fully conscious to what was going on." His left cheek around his eye appeared red.

---

[1] On cross-examination, C.M. testified that when he said, "I believe so," he meant he was not sure.

The juvenile court sustained count 2, assault by means of force likely to produce great bodily injury, and dismissed the attempted robbery count (count 3).

At the dispositional hearing, the juvenile court denied Minor's request to reduce the offense to a misdemeanor, noting that the victim suffered a dislocated wrist as a result of the attack and that there was no excuse for the "three on one" attack. The court adjudged Minor a ward of the court, released him to his mother, placed him on home supervision for 90 days, imposed conditions of probation, and directed him to have no contact with K.M., C.M., or one of the co-participants in the attack.

Minor was represented by counsel throughout the proceedings. We see no error or abuse of discretion in the trial court's rulings. There are no meritorious issues to be argued.

## DISPOSITION

The jurisdictional and dispositional orders are affirmed.


TUCHER, J.


WE CONCUR:

POLLAK, P. J.
STREETER, J.


*People v. Manuel B.* (A160137)

4